UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

───────────────────────────────

John Raines and Tim McGough, as Trustees of
the Carpenters & Joiners Welfare Fund and Twin
City Carpenters Pension Master Trust Fund,
Rick Battis and Steve Thom, as Trustees of the
Twin City Floor Covering Industry Pension Fund,

Trustees of the Carpenters and Joiners
Apprenticeship and Journeymen Training Trust
Fund,

Trustees of the Twin City Floorcovering Industry
Apprenticeship Training Fund,

John Raines and Barry Scholz, as Trustees of
the North Central States Regional Council of
Carpenters Vacation Fund (f/n/a Twin City
Carpenters Vacation Fund),

and each of their successors,

          Plaintiffs,

vs.

Commercial Flooring Installation, Inc., Hiller
Stores, Inc., Hiller Commercial Floors, Hiller's
Flooring America,  Max P. Bahr, individually,
and David M. Bahr, individually,

          Defendants.

───────────────────────────────

Civil File No. _____

**COMPLAINT**

Plaintiffs, for their Complaint against Defendants, state and allege as follows:

## IDENTITY OF PARTIES, JURISDICTION, VENUE

1.    Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund.  The Fund is a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947

("LMRA"), as amended 29 U.S.C. § 186(c)(5).  The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(9).

2.     Plaintiffs Rick Battis and Steve Thom, and any subsequently appointed successor, are Trustees of the Twin City Floor Covering Industry Pension Fund.  The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3.     Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Twin City Carpenters Pension Master Trust Fund.  The Funds are a multi-employer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Funds are administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

4.     The Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6).  The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

5.     The Twin City Floorcovering Industry Apprenticeship Training Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to

Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6).   The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

6.     Plaintiffs John Raines and Barry Scholz, and any subsequently appointed successor, are Trustees of the North Central States Regional Council of Carpenters Vacation Fund (f/n/a Twin City Carpenters Vacation Fund) is a multi-employer, jointly-trusteed fringe benefit plan created and maintained with the provisions of ERISA.

7.     Plaintiffs John Raines, Tim McGough, Rick Battis, Steve Thom, and Barry Scholz, and any subsequently appointed successor, are Trustees of the respective Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

8.     Defendant Commercial Flooring Installation, Inc. is a Minnesota business corporation and is engaged in the floor covering business with a registered address of 1222 – 19th Avenue SW, Rochester, MN 55902.   Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

9.     Defendant Hiller Stores, Inc. is a Minnesota business corporation and is engaged in the floor covering business with a registered address of 2909 South Broadway, Rochester, MN 55904.   Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

10.     Defendant Hiller Commercial Floors is a Minnesota business corporation and is engaged in the floor covering business with a registered address of 2909 South Broadway, Rochester, MN 55904.   Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

11.     Defendant Hiller's Flooring America is a Minnesota business corporation and is engaged in the floor covering business with a registered address of 2909 South Broadway, Rochester, MN 55904.  Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

12.     Defendant Max P. Bahr is an individual and one of the principals operating the Defendant corporations.

13.     Defendant David M. Bahr is an individual and one of the principals operating the Defendant corporations.

14.     This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff Trustees of the respective Funds to collect unpaid fringe benefit contributions due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

15.     The trust funds for which the Plaintiffs are trustees, are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COLLECTIVE BARGAINING AGREEMENT
### Minnesota Floorcovering Agreement

16.     On October 27, 2011, Defendant Commercial Flooring Installation, Inc. executed and agreed to be bound to a Collective Bargaining Agreement, the Minnesota Floorcovering Agreement with the Carpet, Linoleum, Resilient Tile Layers, Local Union #68 (f/k/a Local Union #596) of the North Central States Regional Council of Carpenters ("Union").   On October 17, 2011, Defendant Commercial Flooring Installation, Inc. executed the Addendum to the Minnesota Floor Covering Industry Agreement.

17.     Pursuant to Article 27, the Collective Bargaining Agreement shall continue in full force and effect from year to year thereafter unless written notice of intention to terminate or modify the Collective Bargaining agreement is made by either party to the other sixty (60) days prior to the date of expiration or any anniversary date.

18.     The Collective Bargaining Agreement requires employers, such as Defendant Commercial Flooring Installation, Inc., to make fringe benefit contributions to the Funds in accordance with its' terms.   These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

19.     The employer, such as Defendant Commercial Flooring Installation, Inc., is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service.   The report is required to be submitted with the payment for the amounts due not later than the 10th day of the following month.   All fringe fund reports and contributions must be submitted to Wilson-McShane

Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

20.    The Collective Bargaining Agreement also requires employers, such as Defendant Commercial Flooring Installation, Inc., to make available its employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

21.    The Collective Bargaining Agreement also requires employers, such as Defendant Commercial Flooring Installation, Inc., to obtain a $50,000 surety bond to be held by the Trustees of the Funds.  In the event that the employer cannot or does not secure a $50,000 bond, the employer must pay fringe benefit contributions on a weekly basis at the same time as the employer's regular payroll disbursements.  Weekly basis shall mean that the employer's report and payment for a particular work week shall be due on the Friday of the following week.  In addition to the weekly fringe benefit contributions, the unbonded employers and delinquent employers must also pay into an escrow account held by the Trustees or their designee(s) an amount equal to 20% of the employer's weekly fringe benefit contribution payment.  The unbonded / delinquent employer shall continue to make weekly payments to the escrow account until the balance of the escrow account reaches $50,000 ($25,000 if the employer has less than 7 regular employees).

## COLLECTIVE BARGAINING AGREEMENT
### Light Commercial Agreement

22.     On October 17, 2011, Defendant Commercial Flooring Installation, Inc. executed and agreed to be bound to a Collective Bargaining Agreement, the Light Commercial Market Recovery Working Agreement with the North Central States Regional Council of Carpenters ("Union").

23.     Pursuant to Article I, Section 1.1, the Collective Bargaining Agreement shall automatically continue in effect from year to year thereafter unless either party gives sixty (60) but not more than ninety (90) days written notice to the other prior to the expiration date of their desire to open or terminate the Agreement for modifications, whereupon it shall continue past the initial period of the contract from day to day until either party gives five (5) days written notice to the other of its termination.

24.     The Collective Bargaining Agreement requires employers, such as Defendant Commercial Flooring Installation, Inc., to make fringe benefit contributions to the Funds in accordance with its' terms.  These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

25.     The employer, such as Defendant Commercial Flooring Installation, Inc., is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service.  The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.  All fringe fund reports and contributions must be submitted to Wilson-McShane

Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

26.     The Collective Bargaining Agreement also requires employers, such as Defendant Commercial Flooring Installation, Inc., to make available its employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

## COLLECTIVE BARGAINING AGREEMENT
### Residential / Wood Framed Construction Agreement

27.     On May 1, 2009, Defendant Commercial Flooring Installation, Inc. executed and agreed to be bound to a Collective Bargaining Agreement, the Market Recovery Working Agreement for Residential / Wood Framed Construction Agreement with the North Central States Regional Council of Carpenters of the United Brotherhood of Carpenters and Joiners of America ("Union") and the Carpentry Contractors Association.   On July 24, 2009, Defendant Commercial Flooring Installation, Inc. executed the Addendum to the Market Recovery Working Agreement for the Residential / Wood Framed Construction Agreement.

28.     Pursuant to Article I, Section 1.1, the Collective Bargaining Agreement shall automatically continue in effect from year to year thereafter unless either party gives ninety (90) days written notice to the other prior to the expiration date of their desire to open or terminate the Agreement for modifications, whereupon it shall

continue past the initial period of the contract from day to day until either party gives five (5) days written notice to the other of its termination.

29.     The Collective Bargaining Agreement requires employers, such as Defendant Commercial Flooring Installation, Inc., to make fringe benefit contributions to the Funds in accordance with its' terms.  These contributions must be made on behalf of all employees covered by the Collective Bargaining Agreement, in amounts set forth and agreed upon therein, for the purpose of funding employee benefits.

30.     The employer, such as Defendant Commercial Flooring Installation, Inc., is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service.  The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.  All fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425, as the administrative agent designated by the Plaintiff Trustees.

31.     The Collective Bargaining Agreement also requires employers, such as Defendant Commercial Flooring Installation, Inc., to make available its employment and payroll records for examination and audit by the Trustees of the Plaintiffs or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiffs and to ascertain whether the employer has properly complied with its fringe benefit contribution obligations.

## **COMBINED OPERATIONS**

32.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 31.

33.     Although Commercial Flooring Installation, Inc. and Hiller Stores, Inc. / Hiller Commercial Floors / Hiller's Flooring America (collectively referred to as "Hiller") have separate filings with the Minnesota Secretary of State, both corporate Defendants are / were  located at and operate / operated out of the same address, using all of the same infrastructure including telephone lines, computer systems, etc.

34.     Commercial Flooring Installation, Inc. and Hiller perform the same type of work including installation of residential and commercial flooring.

35.     Commercial Flooring Installation, Inc. and Hiller are jointly in control of each corporation's business, operated by the same persons or individuals, share projects, share business opportunities, perform the same or similar types of services, and use the same individuals, some unlawfully classified as subcontractors, on the same projects.

36.     Individuals perform installation services for both companies, occasionally switching between the two entities during the same pay period.

37.     David M. Bahr, along with his son Max P. Bahr, causes business opportunities for Commercial Flooring Installation, Inc. to be usurped by Hiller.

38.     The Bahrs intentionally commingle resources of the two entities.   The Bahrs submit false certified and prevailing wage reports to avoid payment of fringe benefit contributions to the Plaintiff Funds.   The Bahrs intentionally manipulate the corporate records by shifting hours between projects in order to minimize and/or avoid the payment of fringe benefit contributions.   In addition, the Bahrs unlawfully characterize individuals as subcontractors instead of employees.

39.     In concert the Bahrs and the two corporate entities contribute to a common undertaking, exercise joint control over the enterprise, share in the profits of the contracts and have entered into a series of agreement relating to the provision of services; thus constituting a joint venture with respect to the operations.

40.     The assets of Commercial Flooring Installation, Inc. and Hiller are commingled and were exchanged or transferred without adequate consideration in order to defraud creditors, such as the Plaintiffs, and to avail both corporations of potential business opportunities associated with being an employer signatory to Collective Bargaining Agreements.

## COUNT I
## Alter Ego Liability

41.     Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 40.

42.     Commercial Flooring Installation, Inc. and Hiller are alter egos of each other and each is jointly and severally liable for each other's debts and obligations, including the obligations arising under the Collective Bargaining Agreements.

43.     Because they are alter egos of one another, a complete set of records for both companies and operations must be produced for audit by the Funds.

44.     Upon information and belief, at all times relevant to this dispute, the corporate Defendants were controlled by David M. and Max P. Bahr, who also have an ownership interest in the entities.

45.     Upon information and belief, the Bahrs cause these business operations to use the same employees, provide the same services, and operate in the same manner.

46.     Upon information and belief, the assets of the Defendant corporations are commingled and exchanged without adequate consideration to the extent that the Bahrs would deprive one corporate entity of a business opportunity in an effort to avoid payment of fringe benefit contributions.  Specifically, Hiller takes control over various projects to which Commercial Flooring Installation, Inc. has obtained the contract.

47.     Upon information and belief, Commercial Flooring Installation, Inc. and Hiller are involved in the same operation of the corporations and cause these corporations to share projects, business opportunities, perform the same or similar types of services and use the same employees.

48.     In a similar fashion, both the named corporate entities use individuals, improperly classified as subcontractors, to perform work.  These individuals are properly classified as employees.

49.     The Defendants commingle assets, employees, and the operations in order to defraud creditors, such as the Plaintiffs and to avail both corporations of potential business opportunities associated with being an employer signatory to Collective Bargaining Agreements.

## COUNT II
## THIRD-PARTY BENEFICIARY

50.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 49.

51.     Plaintiffs are third-party beneficiaries of the contract between the Defendants and the Union, including all of the CBAs.

52.     It is a violation of the CBAs for an employer such as the Defendants to misclassify an individual as a subcontractor when the individuals is more properly classified as an employee.

53.     As a third-party beneficiary, the Plaintiffs are entitled to enforce the provisions of the Collective Bargaining Agreements, including the provision providing that the Defendants may only subcontract work to signatory contractors and the provisions regarding treatment of individuals as employees.

54.     Upon information and belief, the individuals performing labor and services for the Defendants were not signatory to a collective bargaining agreement with the United Brotherhood of Carpenters and Joiners or any local affiliate.

55.     Plaintiffs assert that the individuals are more properly classified as employees.   However, if the individuals performing work for the Defendants are determined to be subcontractors instead of employees, Plaintiffs are entitled to an award of all amounts due for fringe benefit contributions as a result of Defendants use of subcontractors in violation of the collective bargaining agreement.

## COUNT III
## Pierce the Corporate Veil – Defendant Max P. Bahr

56.     Plaintiffs restate and incorporate by reference herein paragraphs 1 through 55.

57.     Defendant Max P. Bahr ("M. Bahr") has failed to observe corporate formalities and operated the business without sufficient capital to meet the liabilities of the business.

58.     M. Bahr knew and understood that the Commercial Flooring Installation, Inc. was obligated to accurately report all hours worked by its employees performing work within the jurisdiction of the Collective Bargaining Agreements.  M. Bahr knew or should have known the type of work employees were performing for Commercial Flooring Installation, Inc. during the audit period.

59.     M. Bahr has disrespected the corporate form of Commercial Flooring Installation, Inc. and failed to observe corporate formalities by commingling the funds of Commercial Flooring Installation, Inc. with Hiller and by directing the transfer of assets from Commercial Flooring Installation, Inc. to Hiller without adequate consideration.

60.     M. Bahr intentionally caused the Commercial Flooring Installation, Inc. to under report hours to the Plaintiffs and caused Commercial Flooring Installation, Inc. to completely omit individuals from the reports submitted to the Plaintiffs during the audit period in order to avoid making benefit payments to the Funds.  In doing so, M. Bahr personally profited from the services provided by the individuals identified on the invoice through his fraudulent reporting practices.   It is therefore fundamentally unjust to allow this individual to avoid liability for the corporation's obligation to the Plaintiffs.

61.     M. Bahr specifically admitted that he was transitioning Commercial Flooring Installation, Inc. to Hiller because of the Commercial Flooring Installation, Inc.'s obligations to the Plaintiffs.

62.     If M. Bahr is allowed to hide behind the corporate veil, the Plaintiffs and the participants and beneficiaries of the employee benefit plans for which the Plaintiffs are trustees may not be able to recover fringe benefit contributions due as a result of work performed for Commercial Flooring Installation, Inc.  It is fundamentally unfair and unjust to allow him to avoid responsibility for this liability.

63.     The corporate veil on Commercial Flooring Installation, Inc. and Hiller should be pierced and M. Bahr should be held personally liable for the obligations arising under the Collective Bargaining Agreements for which Commercial Flooring Installation, Inc. has been adjudicated to be liable.  In addition, as a fiduciary, M. Bahr is personally liable to the Funds for a breach of his fiduciary duties, including failure to remit the Funds' assets to the appropriate receiving agent.

64.     M. Bahr, through his conduct, as alleged above, is personally bound to the obligations and debt of Commercial Flooring Installation, Inc.

## COUNT IV
## Pierce the Corporate Veil – Defendant David M. Bahr

65.     Plaintiffs restate and incorporate by reference herein paragraphs 1 through 64.

66.     Defendant David M. Bahr ("D. Bahr") has failed to observe corporate formalities and operated the business without sufficient capital to meet the liabilities of the business.

67.     D. Bahr knew and understood that the Commercial Flooring Installation, Inc. was obligated to accurately report all hours worked by its employees performing work within the jurisdiction of the Collective Bargaining Agreements.  D. Bahr knew or

should have known the type of work employees were performing for Commercial Flooring Installation, Inc. during the audit period.

68.     D. Bahr has disrespected the corporate form of Commercial Flooring Installation, Inc. and failed to observe corporate formalities by commingling the funds of Commercial Flooring Installation, Inc. with Hiller and by directing the transfer of assets from Commercial Flooring Installation, Inc. to Hiller without adequate consideration.

69.     D. Bahr intentionally caused the Commercial Flooring Installation, Inc. to under report hours to the Plaintiffs and caused Commercial Flooring Installation, Inc. to completely omit individuals from the reports submitted to the Plaintiffs during the audit period in order to avoid making benefit payments to the Funds.  In doing so, D. Bahr personally profited from the services provided by the individuals identified on the invoice through his fraudulent reporting practices.   It is therefore fundamentally unjust to allow this individual to avoid liability for the corporation's obligation to the Plaintiffs.

70.     D. Bahr specifically admitted that he was transitioning Commercial Flooring Installation, Inc. to Hiller because of the Commercial Flooring Installation, Inc.'s obligations to the Plaintiffs.

71.     If D. Bahr is allowed to hide behind the corporate veil, the Plaintiffs and the participants and beneficiaries of the employee benefit plans for which the Plaintiffs are trustees may not be able to recover fringe benefit contributions due as a result of work performed for Commercial Flooring Installation, Inc.  It is fundamentally unfair and unjust to allow him to avoid responsibility for this liability.

72.     The corporate veil on Commercial Flooring Installation, Inc. and Hiller should be pierced and D. Bahr should be held personally liable for the obligations

16

arising under the Collective Bargaining Agreements for which Commercial Flooring Installation, Inc. has been adjudicated to be liable.  In addition, as a fiduciary, M. Bahr is personally liable to the Funds for a breach of his fiduciary duties, including failure to remit the Funds' assets to the appropriate receiving agent.

73.     D. Bahr, through his conduct, as alleged above, is personally bound to the obligations and debt of Commercial Flooring Installation, Inc.

## COUNT V
### Audit Amount Due

74.     Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 73.

75.     In October 2012, Plaintiffs requested that Defendant Commercial Flooring Installation, Inc. produce the employment and payroll records for audit for the period of January 2010 through the present.

76.     Defendant Commercial Flooring Installation, Inc. produced a limited set of records for review for the period of January 2010 through March 2012, and Plaintiffs' auditor prepared a preliminary invoice based upon the limited set of records produced.

77.     Pursuant to the audit, the Plaintiffs discovered hours worked by various employees governed by the Collective Bargaining Agreements for which fringe benefit contribution payments were not made.

78.     The amount of fringe benefit contributions discovered to be owing to the Plaintiffs from the preliminary audit is at least $112,142.53.

## COUNT VI
## Right to Audit

79.     Plaintiffs reallege and incorporate by reference herein, paragraphs 1 through 78.

80.     Specifically the Plaintiffs request that Commercial Flooring Installation, Inc. and Hiller a complete set of records for audit for the period of January 2010 through the present for the purposes of auditing the records to determine their compliance with the terms of the Collective Bargaining Agreements.  The Plaintiffs request records from all of the companies upon information and belief that Hiller is an alter ego of Commercial Flooring Installation, Inc.

81.     The production of a complete set of records for all companies is necessary for the Plaintiffs to determine whether all hours employees, regardless of how the individuals have been classified by Defendants, have worked for the Defendants have been reported to the Plaintiffs and that Defendants have complied with the fringe benefit contribution obligations.

82.     Upon information and belief, there may have been hours worked by Defendants' employees and individuals misclassified as subcontractors or independent contractors for which fringe benefit contributions were not remitted.

83.     Unless the Defendants are ordered to specifically perform the obligation to produce records and permit the audit, Plaintiffs will have no means of verifying the proper amounts due and owing to Plaintiffs, if any, nor will Plaintiffs have adequate means of ascertaining the proper allocation of such contributions to Defendants'

employees.  Therefore, in the absence of this court's order as requested, Plaintiffs are without adequate remedy at law and will be subject to irreparable harm.

## COUNT VII
### Damages

84.     In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. § 1132, provides for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages of delinquent contributions as provided for in the Collective Bargaining Agreements and the Agreement and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

85.     An employer who is delinquent and has unpaid contributions shall be required to pay the Funds an additional amount of the unpaid contributions as liquidated damages together with interest on the unpaid contributions as provided for in the Collective Bargaining Agreements and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established.

86.     Defendants are liable to the Plaintiffs for an additional amount due for liquidated damages for the audit period of January 2010 through March 2012 of at least $14,302.82, as well as interest as prescribed by the plan documents.

87.     Defendants are liable to the Plaintiffs for an additional 10% of the fringe benefit contributions disclosed to be due per the audit period of January 2010 through the present, as well as interest relating to the Minnesota Floorcovering Agreement. Defendants are liable to the Plaintiffs for up to additional 20% of the fringe benefit contributions disclosed to be due per the audit period of January 2010 through the

present, as well as interest relating to the Residential / Wood Framed Construction Agreement.  Defendants are liable to the Plaintiffs for up to additional 20% of the fringe benefit contributions disclosed to be due per the audit period of January 2010 through the present, as well as interest relating to the Light Commercial Agreement.

88.     The Collective Bargaining Agreements and the Agreements and Declarations of Trust under which the trust funds for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, entitle the Plaintiffs to their reasonable attorney fees and costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment, joint and several, of this Court against Defendants Commercial Flooring Installation, Inc., Hiller Stores, Inc., Hiller Commercial Floors, Hiller's Flooring America, Max P. Bahr, individually, and David M. Bahr, individually, as follows:

1.     For a Judgment in the amount of at least $112,142.53 for fringe benefit contributions due pursuant to the audit for the period of January 2010 through March 2012.

2.     For a judgment for liquidated damages and interest on the unpaid fringe benefit contributions due from the audit period of January 2010 through March 2012 or double interest if greater than interest and liquidated damages.

3.     A judgment ordering and adjudging that Defendants are required to forthwith produce for inspection and audit the following of their business records, for the period of January 2010 through the present:

a.  All payroll registers or journals;

b.  All time cards;

c.  All Internal Revenue 941 quarterly reports;

d.  All Internal Revenue form 1099s and 1096s;

e.  All Internal Revenue W-2 and W-3 forms (to the extent such forms are issued by the employer prior to the audit being completed);

f.  All payments to any individual for labor or services, regardless of whether the Defendants classify such individual as an employee or as a subcontractor;

g.  All business checking account registers or journals;

h.  All checking account bank statements including copies of all checks issued from the accounts;

i.  All Minnesota quarterly unemployment reporting forms (MUTAs) and quarterly tax forms;

j.  All records identifying the type of work performed by each employee and individual who has performed services for the Defendants; and

k.  Any such additional records as are deemed necessary to the performance of such audit by representatives of Plaintiffs; that such production and inspection shall occur within ten (10) days of entry of this Court's Order requiring same at the premises of Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN 55425.

4.     A judgment for all unpaid fringe benefit contributions and liquidated damages discovered to be due during the period of January 2010 through the present,

plus all additional amounts to which the Plaintiffs are entitled, including an award of interest on the unpaid fringe benefit contributions through the date of the judgment or double interest if greater than the interest and liquidated damages.

5.      For an Order requiring Defendants to furnish Plaintiffs with the $50,000 surety bond or for Defendants to submit weekly payments into an escrow account relating to the Minnesota Floorcovering Agreement.

6.      For an award of costs, disbursements and attorney fees according to law.

7.      For such other and future relief as the Court deems proper.

Date: December 23, 2013      ANDERSON, HELGEN, DAVIS & NISSEN, P.A.


By:   *s/ Pamela H. Nissen*
        Pamela Hodges Nissen
        Atty. Reg. No. 259810
        333 South Seventh Street, Suite 310
        Minneapolis, MN 55402
        Telephone: (612) 435-6344
        Email: phn@andersonhelgen.com

        *Attorneys for Plaintiffs*


148267

22